IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51016
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER COOK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-209-ALL
--------------------
October 1, 2002

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Lester Cook appeals his jury-trial conviction for aiding and abetting a carjacking and the use of a firearm during a crime of violence.  He argues that the district court erred in admitting evidence of a prior carjacking in which he was involved because he was not sufficiently linked to the prior offense.  He argues that the offense was thus not relevant to the issue of identity under

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Fed. R. Evid. 404(b). He also argues that the evidence of the offense had a great prejudicial effect in that it increased the possibility that the jury would have convicted him based solely on his participation in the uncharged offense.

Fed. R. Evid. 404(b) allows the introduction of extrinsic evidence of other crimes, wrongs, or bad acts if the evidence is (1)relevant to the issue of the identity of the defendant; and (2) the evidence concerning the identity of the defendant has probative value that is not substantially outweighed by its undue prejudice. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)(en banc). In this case, the district court admitted testimony concerning the prior carjacking for identity purposes. We review the district court's decision to allow such testimony over a Rule 404(b)objection under a heightened abuse-of-discretion standard. *United States v. Fox*, 69 F.3d 15, 20 (5th Cir. 1995).

After considering the record evidence, the parties' arguments, and the applicable law, we conclude that the district court did not commit reversible error in admitting the extrinsic evidence under Rule 404(b) because (1) the extrinsic evidence was relevant to Cook's identity; (2) the district court's limiting instruction minimized the danger of unfair prejudice; and (3) Cook's defense counsel "opened the door" to the objectionable testimony. *See United States v. Archer*, 733 F.2d 354, 361 (5th Cir. 1984).

The judgment is AFFIRMED.